ALEXANDER POTTER, DEFENDANT IN ERROR, v. LUDWIG BATT, PLAINTIFF IN ERROR.

Argued June 23, 1905—Decided March 5, 1906.

1. In an action for slander, wherein the loss of the plaintiff's employment was alleged as special damage, the evidence raised the question whether the loss had resulted from the defendant's words or from the plaintiff's statements as to his own conduct, uttered in presence of the employers; thereupon the jury were instructed that, even if the plaintiff's statements were such as to induce his employers to dismiss him, yet, if the dismissal was due partly to what the defendant said, he would be responsible for the loss—*Held*, erroneous.

2. Under the circumstances above detailed: the jury should have been instructed to determine whether the defendant's words or the plaintiff's statements were the efficient cause of the dismissal, and that, if the plaintiff's statements were such cause, mere contribution to the effect, proceeding from the words of the defendant, would not make him answerable for the loss.

---

On error to the Supreme Court.

For the defendant in error, *Sherrerd Depue.*

For the plaintiff in error, *Edward D. Duffield.*

The opinion of the court was delivered by

DIXON, J. The plaintiff was employed by the trustees of South Orange as village engineer and also to supervise the construction of sewers in the village, and the defendant as a

contractor was engaged in building sewers under his super-
vision. At a meeting of the sewer committee of the trustees
on June 6th, 1904, the plaintiff and defendant were present,
and there, the plaintiff insists, the defendant made certain
statements charging the plaintiff with demanding and receiv-
ing money from the defendant as a bribe for giving false cer-
tificates of the defendant's work. In response, the plaintiff
offered explanations which, in the opinion of all the members
of the committee, established the impropriety of his pecuniary
transactions with the defendant. On July 1st, 1904, the
trustees dismissed the plaintiff from his position as village
engineer.

The present suit was brought to recover damages for the
slanderous statements said to have been uttered by the de-
fendant, and the dismissal of the plaintiff was set forth as a
special injury resulting from the slander.

The evidence presented at the trial in the Essex Circuit dis-
closed that five of the trustees voted upon the resolution re-
moving the plaintiff, three for it and two against it. Each of
those voting in the affirmative testified in substance that,
while the pecuniary transactions between the plaintiff and
defendant, as admitted by the plaintiff, had some influence in
determining his vote, the statements of the defendant, outside
of those admissions, had no effect thereon. This testimony,
and not a mere declaration of one of these witnesses out of
court, was the legitimate evidence of the motives which
brought about their action. *Tilk* v. *Parsons*, 2 *Car. & P.* 201.

Upon this state of the evidence the defendant requested the
justice presiding at the trial to instruct the jury that if they
believed that the statements made by the plaintiff himself to
the sewer committee were such as to induce the board of
trustees to dismiss him, in that event he could not recover any
damages by reason of such dismissal. To this request the jus-
tice replied: "I charge you that that is so, gentlemen, with
this modification, that if this dismissal was due partly to the
plaintiff's own story and partly to what the defendant said,
why then, if what the defendant said was not justified, the

plaintiff would be entitled to recover such damages as he had sustained." To this modification of the request exception was duly taken by the defendant, and error is assigned thereon.

The defendant also requested a charge that if the jury should find for the plaintiff they were to disregard all evidence in relation to the discharge of the plaintiff as village engineer. This request being denied, exception was duly taken and error assigned.

The fair import of these rulings was that the evidence would warrant the jury in finding that the defendant made slanderous utterances which had some influence in bringing about the dismissal of the plaintiff as village engineer, and that, if they so found, then the plaintiff would be entitled to recover the damages occasioned by such dismissal, even though the dismissal had been actually induced by the plaintiff's own statements.

We think this was erroneous.

In the first place, the evidence does not support a conclusion that the words of the defendant had any influence on the minds of the trustees who voted to dismiss the plaintiff. On this point the testimony of these trustees seems to be decisive. *King* v. *Watts,* 8 *Car. & P.* 614.

But, secondly, even if such influence were discoverable, that would not be enough to fasten on the defendant responsibility for the plaintiff's removal, if in fact the plaintiff's conduct, as shown by his own admissions, was the efficient cause of his discharge.

In pleading, the terms usually employed to denote the relation between the slander and the loss for which the plaintiff claims damages are that "by means of" the slander the loss was suffered. 2 *Chit. Pl.* 633 *et seq.* In the opinions of judges speaking on this topic the relation is indicated by such expressions as these: that the loss is *occasioned by,* or is sustained *by reason of,* or *in consequence of,* or *as a result of,* the slander, or, more definitely, that the loss is the natural and proximate effect of the slander. In *Cuff* v. *Newark and*

*New York Railroad Co.,* 6 *Vroom* 17, Mr. Justice Depue, after a full examination of cases, summed up the general doctrine as to the necessary connection between tort and recoverable damage in these words: "Damage to be recovered must be the natural and proximate consequence *arising from* the wrong complained of," and his views were afterwards approved by this court. *Id.* 574. In *Hammill* v. *Pennsylvania Railroad Co.,* 27 *Id.* 370, 379, it was said that the efficient and predominating cause, the *causa causans,* must be looked to in determining liability. The plain import of these and similar expressions is that the tort of the defendant must be the efficient cause of the damage sustained in order to hold him responsible therefor.

This rule was ignored in the present case. The loss of the plaintiff's situation was an indivisible thing, and if the evidence presented the question whether the words of the defendant or the admitted conduct of the plaintiff was to be deemed in law the cause of that loss, the jury should have been instructed to determine which of the two was the efficient cause. If that was found in the admissions of the plaintiff himself, an undefined contribution to the effect, proceeding from the words of the defendant, could not render him answerable for the loss.

The judgment must be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.